1  Eric D. Houser (SBN 130079)
   Denetta EJ Scott (SBN 236899)
2  HOUSER & ALLISON
   A Professional Corporation
3  9970 Research Drive
   Irvine, CA 92618
4  Tel: (949) 679-1111
   Fax: (949) 679-1112
5  Email: dscott@houser-law.com

6
   Attorneys for Defendants
7  U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET
   SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-
8  THROUGH CERTIFICATES, SERIES 2005-AHL3 (erroneously sued and served herein as US
   BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005-AHL3; OCWEN LOAN
9  SERVICING, LLC) and OCWEN LOAN SERVICING, LLC

10                       **UNITED STATES DISTRICT COURT**

11                   **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13  CONSUELO Z. ORDONO, | CASE NO: 3:14-cv-00774-JSC |
|    | HON: Jacqueline S. Corley |
| 14              Plaintiffs, | |
|    | **DEFENDANT'S NOTICE OF MOTION** |
| 15  vs. | **AND MOTION TO DISMISS THE** |
|    | **COMPLAINT** |
| 16  US BANK NATIONAL ASSOCIATION AS | |
| 17  TRUSTEE FOR RASC 2005-AHL3; OCWEN | **[F.R.C.P. 12(b)(2), (6)]** |
| 18  LOAN SERVICING, LLC, and DOES 1 | **SAN FRANCISCO DIVISION** |
|    through 100 inclusive, | |
| 19              Defendants. | Date: April 10, 2014 |
| 20  | Time: 9:00 a.m. |
|    | Dept.: F |
| 21  | |
| 22  | Complaint Filed: January 23, 2014 |
|    | Trial Date: None |
| 23  | |
| 24  | [Removal from Superior Court of California, |
| 25  | County of San Francisco Case No. CGC-14-536944] |

26       **PLEASE TAKE NOTICE** that on April 10, 2014, at 9:00 a.m. or as soon thereafter as

27  counsel may be heard, in Courtroom F of the above-entitled court located at 450 Golden Gate

28  Avenue, San Francisco, California 94102, Defendants U.S. BANK NATIONAL

1  ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIES
2  CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH
3  CERTIFICATES, SERIES 2005-AHL3 (erroneously sued and served herein as US BANK
4  NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005-AHL3; OCWEN LOAN
5  SERVICING, LLC) ("U.S. BANK, as Trustee") and OCWEN LOAN SERVICING, LLC
6  ("OCWEN") will and hereby does move this Court to dismiss Plaintiff's Complaint with
7  prejudice.

8  This Motion is made and based upon Rule 12(b)(6) of the <u>Federal Rules of Civil</u>
9  <u>Procedure</u> ("FRCP"), and is based on the ground that Plaintiff failed to state a claim upon
10 which relief may be granted and the Complaint is barred as a matter of law against these
11 Defendants.

12 This Motion is based upon this Notice, the attached Memorandum of Points and
13 Authorities, the Court's file and all papers and documents on file herein, facts and documents of
14 which judicial notice has been requested or proper, as well as any oral argument that may be
15 presented at the time of the hearing.

16

17 Dated: February 27, 2014                     HOUSER & ALLISON
18                                              A Professional Corporation

19
                                               <u>/s/ Denetta EJ Scott</u>
20                                             Eric Houser
21                                             Denetta EJ Scott
                                               Attorney for Defendants
22                                             U.S. BANK NATIONAL ASSOCIATION, AS
                                               TRUSTEE FOR RESIDENTIAL ASSET
23                                             SECURITIES CORPORATION, HOME EQUITY
                                               MORTGAGE ASSET-BACKED PASS-
24                                             THROUGH CERTIFICATES, SERIES 2005-
                                               AHL3 and OCWEN LOAN SERVICING, LLC
25

26

27

28

\\IRVLAW1\ProLaw Files\Document\67950.docx

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................1

II.   STATEMENT OF RELEVANT FACTS ...............................................2

III.   LAW AND ARGUMENT.......................................................................2

   A.   Plaintiff's First Claim for Relief for Breach of Security Instrument Fails Because Plaintiff Cannot Show She Performed Her Obligations Under the Deed of Trust.............2

   B.   Plaintiff's Second Claim for Relief for Fraud in the Inducement Fails........................3

   C.   Plaintiff's Third Claim for Relief for Lack of Standing Fails because Plaintiff Cannot Challenge Defendant's Power to Foreclose.............................................5

   D.   Plaintiff's Fourth Claim for Relief for Wrongful Foreclosure is Premature and Otherwise Lacks Merit.............................................................7

   E.   Plaintiff's Fifth Claim for Relief for Elder Abuse Lacks Merit for Lack of Specificity.............................................................8

   F.   Plaintiff's Sixth Claim for Relief for Violation of Business & Professions Code § 17200 Fails as it Lacks Specificity. ...........................................9

   G.   Plaintiff's Seventh Claim for Relief for Intentional Infliction of Emotional Distress Fails for Lack of Extreme and Outrageous Conduct. ....................10

   H.   Plaintiff's Eighth Claim for Relief for Declaratory Relief Fails as there is no Independent Claim for Relief. .............................................11

   I.   Plaintiff's Ninth Claim for Relief for Cancellation of Written Instrument(s) Fails..12

   J.   Plaintiff's Tenth Claim for Relief for Slander of Title Fails because of Privilege.....13

   K.   Plaintiff's Eleventh Claim for Relief for Quiet Title Fails. ...........................14

IV.   CONCLUSION ................................................................16

\\JRVLAW1\ProLaw Files\Document\67950.docx

1

**TABLE OF AUTHORITIES**

2

**Cases**

3

Ball v. FleetBoston Financial Corp., 164 Cal.App.4th 794, 800 (2008) ......................................11

4

Batt v. City and County of San Francisco, 155 Cal.App.4th 65, 82 (2007) ................................11

5

Bennett v. Suncloud 56 Cal. App. 4th 91 (1997)..........................................................................9

6

Biggins v. Wells Fargo & Co., 266 F.R.D. 399 (N.D.Cal.,2009)...................................................9

7

Blakemore v. Superior Court 129 Cal.App.4th 36, 48 (2005)........................................................9

8

Bridge v. Aames Cap. Corp., 2010 WL 3834059 at * 3, 5 (N.D.Ohio Sept. 29, 2010) ................7

9

Bunag v. Aegis Wholesale Corp., No. C 09-00558, 2009 WL 2245688, at *5 (N.D.Cal., 2009) 15

10

Byczek v. Boelter Cos., Inc., 230 F.Supp.2d 843, 845 (N.D.Ill. 2002) ..........................................7

11

Calvo v. HSBC Bank, 199 Cal.App.4th 118 (2011)........................................................................7

12

Cavers v. GMAC Mortgage, LLC, 2012 WL 2343202 *7 (C.D.Cal., 2012) ..................................9

13

CDF Firefighters v. Maldonado 158 Cal.App.4th 1226, 1239 (2008)............................................2

14

Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co. 20 Cal.4th 163 (1999)............9

15

County of San Diego v. State 164 Cal.App.4th 580, 607 (2008) ..................................................11

16

Crofoot Lumber v. Thompson  163 Cal.App.2d 324, 329 (1958) .................................................12

17

Engalla v. Permanente Medical Group, Inc., 15 Cal. 4th 951, 974 ...............................................4

18

Fontenot v. Wells Fargo Bank, N.A., 198 Cal.App.4th 256 (2011) ...............................................5

19

Fontenot v. Wells Fargo Bank, N.A., 198 Cal.App.4th 256, 270-271 (2011).................................6

20

Fontenot v. Wells Fargo Bank, N.A., 198 Cal.App.4th 256, 271-272 (2011).................................6

21

Gomes v. Countrywide Home Loans, 192 Cal.App.4th 1149, 1157 (2011) ...................................6

22

Graham v. Ellmore, 135 Cal.App. 129, 132 (1933).......................................................................4

23

Hailey v. California Physicians' Service, 158 Cal.App.4th 452, 473-474 (2007).......................10

24

Herrera v. Fed Mortg. Assn., 205 Cal.App.4th 1495-1507-1508 (2012). ....................................7

25

Herrera v. Federal National Mortgage Assn., 205 Cal.App.4th 1495, 1505 (2012).....................6

26

In re Mortg. Elec. Registration Sys. (MERS) Litig., 2012 WL 932625 *3 (D.Ariz., 2012) (slip

27

op.) ................................................................................................................................................7

28

Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal.App.4th 497, 511 (2013)................................6

1   Johnson v. HSBC Bank USA, N.A., 2012 WL 928433 *2 (S.D.Cal., 2012) ..............................12

2   Kelley v. Mortgage Elec. Registration Sys., 642 F.Supp.2d 1048, 1057 (N.D.Cal.2009) ..........15

3   Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 619 (1993) .....................................9

4   Khoury v. Maly's of California, Inc. 14 Cal.App.4th 612, 619 (1993).......................................9

5   Lazar v. Superior Court, 12 Cal. 4th 631, 638, (1996) ...............................................................4

6   Liu v. T & H Mack, Inc., 191 F.3d 790, 797 (7th Cir. 1999) .....................................................7

7   Livonia Prop. Holdings LLC, 717 F.Supp.2d at 735 ...................................................................7

8   Logvinov v. Wells Fargo Bank, 2011 U.S. Dist. LEXIS 141988, *9 (N.D.Cal. Dec. 9, 2011) .....7

9   Lortz v. Connell  273 Cal.App.2d 286, 290 (1969) ...................................................................2

10  Marty v. Wells Fargo Bank, CIV S–10–555 GEB DAD, 2011 WL 1103405 at *7 (2011) .........13

11  Mehta v. Wells Fargo Bank, N.A., 737 F.Supp.2d 1185, 1204 (S.D.Cal.,2010)..........................10

12  Mendoza v. Countrywide Home Loans, Inc. 2009 WL 4706350 at * 7 (N.D. Cal. 2009)...........13

13  Miller v. Provost, 26 Cal.App.4th 1703, 1707, 33 Cal.Rptr.2d 288 (1994) .............................15

14  Moreno v. Citibank, N.A. 2010 WL 1038222 *4 (N.D.Cal.,2010) ...............................................13

15  Nakash v. Superior Court 196 Cal.App.3d 59, 70 (1987).........................................................12

16  Nally v. Grace Community Church of the Valley, 47 Cal.3d 278, 300 (1988) ...........................10

17  Nissim v. Wells Fargo Bank, N.A., 2013 WL 1411505 *7 (N.D.Cal., 2013) ...............................8

18  Otay Land Co. v. Royal Indem. Co., 169 Cal.App.4th 556, 562 (2008) .....................................11

19  Pastoria v. Nationwide Ins. 112 Cal.App.4th 1490 (2003).........................................................9

20  Pugh v. JPMorgan Chase Bank, N.A., 2013 WL 5739147 *3 (E.D.Cal., 2013) .........................8

21  Rehbock v. Reservoir Hill Gasoline Co., 14 Cal.App.2d 233, 257 (1936)...................................13

22  Rivera v. BAC Home Loans Servicing, L.P., 2010 WL 2757041, at *8 (N.D. Cal., 2010).........15

23  Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F.Supp.2d 952, 974 (N.D.Cal., 2010) .............15

24  Schuck v. Federal Nat. Mortg. Ass'n, 2011 WL 2580552 *3 (E.D.Cal., 2011)..........................13

25  Siliga v. MERS, 219 Cal.App.4th, 75, 82-83 (2013).................................................................6

26  Siliga v. Mortgage Electronic Registration Systems, Inc., 219 Cal.App.4th 75 (2013) .................5

27  Spurlock v. Carrington Mortg. Services, Inc., 2010 WL 3069733 *6 (S.D.Cal., 2010)...............9

28  State of California Ex Rel. Van de Kamp v. Texaco, Inc., 46 Cal.3d 1147, 1169-1170 (1988) ....9

1   State Rubbish etc. Assn. v. Siliznoff, 38 Cal.2d 330 (1952) .......................................................10

2   Tarmann v. State Farm Mutual Automobile Ins. Co., 2 Cal.App.4th 153, 157 (1991) .................4

3   Vega v. JPMorgan Chase, N.A., 654 F.Supp.2d 1104, 1113 (E.D.Cal., 2009) ...........................8

4   Vogan v. Wells Fargo Bank, N.A., 2011 WL 5826016 *7 (E.D.Cal. 2011) ................................12

5   Warren v. Kaiser Foundation Health Plan, Inc., 47 Cal.App.3d 678, 683 (1975).......................11

6   Wilhelm v. Pray, Price, Williams & Russell, 186 Cal.App.3d 1324, 1331 (1986) ......................4

7   **Statutes**

8   Business & Professions Code § 17200 ................................................................................1, 10

9   California Business and Professions Code § 17200 ....................................................................9

10  California Civil Code § 1689 ..................................................................................................12

11  California Civil Code § 3294 ....................................................................................................4

12  California Code of Civil Procedure § 761.20 ...........................................................................14

13  California Welfare and Institutions Code § 15610.30(a)............................................................10

14  California Welfare and Institutions Code 15600, et seq. ..............................................................8

15  Civil Code § 2923.5 ............................................................................................................3, 8

16  Civil Code § 2924 ..................................................................................................................10

17  Civil Code § 2924(a)(1) ......................................................................................................5, 12

18  Civil Code § 2924(d) .............................................................................................................13

19  Civil Code § 2924(d)(1) ........................................................................................................14

20  Civil Code § 47(b) .................................................................................................................14

21  Civil Code §§ 2924 through 2924K..........................................................................................6

22  Civil Code §§ 2932.5 and 2924, et seq ...................................................................................10

23  Code of Civil Procedure § 338(d) .............................................................................................4

24  Code of Civil Procedure § 338(g)...........................................................................................14

25  **Other Authorities**

26  Prosser, Law of Torts, p. 56...................................................................................................10

27  **Rules**

28  FRCP Rule 9 .......................................................................................................................5, 9

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.    INTRODUCTION

3       Plaintiff Consuelo Ordono ("Plaintiff") files this Complaint to stop the foreclosure sale

4  currently pending at 2686-2687 San Jose Avenue in San Francisco, California.  However, none

5  of Plaintiff's eleven claims for relief are viable, as her claims are either barred by the applicable

6  statute of limitations, premature or inapplicable against these Defendants.

7       Specifically, the first claim for breach of security instrument fails because Plaintiff fails to

8  allege that she was in compliance with her obligations of the Deed of Trust at issue.  The second

9  claim for fraud fails as it is barred in part by the statute of limitations and otherwise fails for lack

10  of specificity.  The third and fourth claims for lack of standing and wrongful foreclosure lack

11  merit because case law is clear that Plaintiff cannot challenge the validity of the foreclosure or

12  MERS' authority to make transfers and assignments under the Deed of Trust.  The wrongful

13  foreclosure claim as fails as it is premature as no sale has occurred on the Property.

14       The fifth and sixth claims for Elder Abuse and violation of Business & Professions Code

15  § 17200 fail for lack of specificity.  The seventh claim for Intentional Infliction of Emotional

16  Distress fails as foreclosure sales do not rise to the level of extreme and outrageous conduct,

17  especially a sale that has not been conducted.  The eighth claim for Declaratory Relief fails

18  because Plaintiff does not allege a viable claim for relief here.  The ninth claim for Cancellation

19  of Written Instrument fails as it is premised on allegations for which Plaintiff does not have

20  standing to challenge.  Additionally, the tenth claim for Slander of Title lacks merit as it is based

21  on privileged documents.  Furthermore, Plaintiff's Quiet Title action fails Defendants do not

22  have an adverse interest in the Property.

23       Plaintiff's purported claims in this action do not affirmatively set forth facts against either

24  U.S. BANK, as Trustee or OCWEN.  The Complaint fails against these defendants because they

25  either lack legal merit.  Defendants therefore respectfully request the Court to dismiss the

26  Complaint without leave to amend, as no amendment can cure deficiencies in the Complaint.

27  / / /

28  / / /

\\JRVLAW1\ProLaw Files\Document\67950.docx

## II.   STATEMENT OF RELEVANT FACTS

Plaintiff purchased property located at 2686-2687 San Jose Avenue, in San Francisco, California on January 26, 2005 in the amount of $750,000.  The loan was secured through a deed of trust, recorded in the Official Records of San Francisco County on September 6, 2005 (the "Property"). See Request for Judicial Notice ("RJN") **Exhibit "1"**.  Plaintiff soon after was unable to make her monthly payments, and the loan went into default.  A Notice of Default ("NOD") was recorded on July 30, 2009.  RJN **Exhibit "2"**.  On the same day, a substitution of trustee was recorded, naming Executive Trustee Services, LLC as a Trustee under the Deed of Trust.  RJN **Exhibit "3"**.  On October 30, 2009, a Notice of Trustee's Sale ("NOTS") was recorded.  RJN **Exhibit "4"**.  An Assignment to the Deed of Trust was recorded on July 18, 2010.  RJN **Exhibit "5"**.  The trust was assigned to Defendant U.S. Bank, as Trustee.  Id.  On December 6, 2010, a Notice of Rescission of Notice of Default was recorded.  See RJN **Exhibit "6"**.  A second assignment was recorded on June 18, 2012.  See **Exhibit "7"**.  On July 11, 2012, Executive Trustee Services, LLC was again substituted as trustee.  See RJN **Exhibit "8"**.

When Plaintiff again failed to perform her obligations under the loan, a NOD was recorded against the Property on July 11, 2012.  See RJN **Exhibit "9"**.  NOTS was recorded on October 12, 2012.  See RJN **Exhibit "10"**.  Plaintiff filed this Complaint on January 23, 2014 and was subsequently removed by these Defendants.  This motion to dismiss now follows.

## III.   LAW AND ARGUMENT

### A. Plaintiff's First Claim for Relief for Breach of Security Instrument Fails Because Plaintiff Cannot Show She Performed Her Obligations Under the Deed of Trust.

Plaintiff claims breach of the security instrument in filing and recording the Notice of Default.  In order to establish a claim for relief for breach of contract, a plaintiff must plead the following: (1) the existence of a contract, (2) plaintiff's performance of the contract or excuse for non-performance, (3) defendant's breach of the contract; and (4) the resulting damage to the plaintiff.  Lortz v. Connell,  273 Cal.App.2d 286, 290 (1969); CDF Firefighters v. Maldonado, 158 Cal.App.4th 1226, 1239 (2008).

In order to show breach, Plaintiff also has to show performance of Plaintiff's obligations or

1   show that the failure to perform under the contract was excused.   See <u>Patel v. Mortgage</u>

2   <u>Electronic Registration Systems Inc.</u>, 2013 WL 4029277 *5 (N.D.Cal., 2013) and <u>Phong Tran</u>,

3   2013 WL 2368048 *2 (2013).

4        Plaintiff alleges breach based on Section 22 of the Deed of Trust.  That section outlines the

5   provisions when a borrower is in default.  See RJN **Exhibit "1"**.  This provision includes giving

6   the Plaintiff notice of the default as well as the steps to be taken in order to record the Notice of

7   Default.   Plaintiff fails to state any facts here that she performed all of her obligations under the

8   Deed of Trust or that her obligations were excused.  Without such facts in the complaint,

9   Plaintiff cannot adequately plead breach of the security instrument.  Plaintiff merely states legal

10  conclusions that the notice provisions were not followed and that the NOD was void for

11  purported violations of <u>Civil Code</u> § 2923.5, including inadequate notice or failure to contact

12  Plaintiff prior to recording the NOD. However, without facts that she complied with the

13  contract, Plaintiff's allegations fail.  Plaintiff does not allege or challenge whether she was in

14  default when the NOD was recorded, only stating non-compliance with the statute.  This is

15  insufficient.  Therefore, the first claim for relief fails.

16       Additionally, Plaintiff claims that Defendant OCWEN breached the contract through the

17  recording of the NOD.   However, the NOD was recorded on October 12, 2012, prior to

18  OCWEN's servicing of the loan.  Therefore, OCWEN was not a party to the recording of the

19  NOD.  Plaintiff may argue an agency theory.  However, any such allegations in the Complaint

20  are insufficient.  Plaintiff only states a legal conclusion regarding agency, and other than stating

21  boilerplate language in support of an agency theory does not state any sufficient facts that would

22  support an agency theory against Defendant OCWEN, who was not involved with the loan at the

23  time of the recording of the NOD.  Therefore, Plaintiff's claims under the first claim for relief

24  lack merit.

25       **B.  Plaintiff's Second Claim for Relief for Fraud in the Inducement Fails.**

26       To adequately plead fraud, Plaintiffs must allege:   "(a) misrepresentation (false

27  representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c)

28  intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'"

\\JRVLAW1\ProLaw Files\Document\67950.docx

1  Engalla v. Permanente Medical Group, Inc., 15 Cal. 4th 951, 974 (1997), citing Lazar v.

2  Superior Court, 12 Cal. 4th 631, 638, (1996).

3      In addition, each element of fraud must be plead with specificity.  "Every element of the

4  cause of action for fraud must be alleged in full, factually and specifically, and the policy of

5  liberal construction of pleading will not usually be invoked to sustain a pleading that is

6  defective in any material respect."   Wilhelm v. Pray, Price, Williams & Russell, 186

7  Cal.App.3d 1324, 1331 (1986).   In Wilhelm, the court found that scienter had not been

8  sufficiently pled because the Plaintiff failed to plead "with specificity a factual basis as to how

9  [defendant] 'knew' the representations … were false."   Id. at 1331.  Where fraud is alleged

10  against a defendant who does not know that a representation is false, the representation is

11  innocent and there can be no liability.  Graham v. Ellmore, 135 Cal.App. 129, 132 (1933).

12      When asserting fraud against a corporation, specificity also includes the names of the

13  persons, their authority to speak, to whom they spoke, what they said or wrote, and when it was

14  said or written.  See Tarmann v. State Farm Mutual Automobile Ins. Co., 2 Cal.App.4th 153,

15  157 (1991).  This requirement includes the need for specific details of what, how, where, by

16  whom, to whom, by what means, and by whose authority the alleged representations or

17  concealments were made.  Id.; see also California Civil Code § 3294.

18      Furthermore, an action for fraud has a three year statute of limitations period.  Code of Civil

19  Procedure § 338(d).

20      As a preliminary matter, to the extent Plaintiff alleges fraud in the loan origination process;

21  those claims are barred by the statute of limitations.  See, Complaint ¶¶ 99 and 100.  Plaintiff's

22  claim also fails for several reasons.  First, these Defendants were not parties to the loan

23  origination.  There can be no basis for liability where the Defendants were not involved in the

24  loan origination.  Second, this part of the claim fails because the loan was created nine years

25  ago.  This far exceeds the statute of limitations.  See Code of Civil Procedure § 338(d).  Plaintiff

26  does not allege tolling to defeat a statute of limitations theory.  However, under the facts and

27  circumstances in the Complaint, any argument of tolling would lack merit as Plaintiff would be

28

on notice concerning improper conduct during loan origination as the Deed of Trust was recorded in 2005.

Plaintiff's complaint lacks specificity as required under <u>FRCP</u> Rule 9.  Plaintiff alleges this claim for relief against all of the Defendants.  However, there are no specific allegations in the Complaint against the individual Defendants.  The Defendants are lumped together throughout the Complaint.  Defendants are not on notice as to which allegations are applicable against which Defendant.  Therefore, Plaintiff's second claim for relief is uncertain.  The "who, what, when, where and why" are missing from the Complaint. Indeed, the only time periods reflected in the Complaint relate to the Deed of Trust.  Plaintiff's allegations are therefore insufficient.

Additionally, Plaintiff's allegations concerning the second claim for relief occurs prior to OCWEN's service of the loan.  The Complaint lacks facts that would support that OCWEN would be responsible for actions that occurred prior to their service of the loan.

Furthermore, Plaintiff claims fraud in the inducement because Defendants could not act on the Power of Sale provisions in the Deed of Trust because the assignment was void.  See paragraph 97 to the Complaint.  However, as will be stated in full below, Plaintiff lacks standing to challenge the validity of the assignment.  See <u>Fontenot v. Wells Fargo Bank, N.A.</u>, 198 Cal.App.4th 256 (2011) and <u>Siliga v. Mortgage Electronic Registration Systems, Inc.</u>, 219 Cal.App.4th 75 (2013).

Plaintiff also alleges Defendants are not owners or holders of the note.  See Complaint ¶ 98.  However, <u>Civil Code</u> § 2924(a)(1) is clear that a party does not have to be an owner or holder of the note in order to initiate or conduct the foreclosure.   An agent of the beneficiary is sufficient to initiate foreclosure on behalf of a beneficiary.  <u>Id</u>.  Therefore, Plaintiff's claims concerning fraud lack merit.

**C. Plaintiff's Third Claim for Relief for Lack of Standing Fails because Plaintiff Cannot Challenge Defendant's Power to Foreclose.**

Plaintiff's third claim for relief for Lack of Standing is based on the allegation that Defendants do not have a right to foreclosure on the Property because the Assignment and other documents on title are void.  Plaintiff alleges Mortgage Electronic Registration Systems, Inc.

("MERS") does not have the authority to make transfer and assignments on the Property or to initiate foreclosure.  Plaintiff's allegations concerning this claim for relief fail for a couple reasons.  First, MERS is not a party to this action.  Second, MERS' power to make transfers and assignments is outlined in Plaintiff's Deed of Trust.  See RJN **Exhibit "1"**.  Third, courts have recognized that representatives for the loan servicer are given authority to make transfers and assignments on MERS behalf.   Additionally, the Deed of Trust contains a power of sale provision that allows MERS to initiate foreclosure.  See RJN, **Exhibit "1"**.  See also <u>Fontenot v. Wells Fargo Bank, N.A.</u>, 198 Cal.App.4th 256, 270-271 (2011); <u>Gomes v. Countrywide Home Loans</u>, 192 Cal.App.4th 1149, 1157 (2011) and <u>Herrera v. Federal National Mortgage Assn.</u>, 205 Cal.App.4th 1495, 1505 (2012).

<u>Civil Code §§</u> 2924 through 2924K provides the comprehensive frame work for the non-judicial foreclosure sale process.  The court has rejected cases, such as here, where the foreclosure sale has not been completed and the Plaintiff is seeking require the foreclosing party(ies) prove that they are the proper party to conduct the foreclosure sale.  See <u>Siliga v. MERS</u>, 219 Cal.App.4th, 75, 82-83 (2013).   See also <u>Jenkins v. JP Morgan Chase Bank, N.A.</u>, 216 Cal.App.4th 497, 511 (2013) ["[A]llowing a trustor-debtor to pursue such an action, absent a ' specific factual basis for alleging that the foreclosure was not initiated by the correct party' would unnecessarily 'interject the courts into  [the] comprehensive nonjudicial scheme' created by the Legislature, and 'would be inconsistent with the policy behind nonjudicial foreclosure of providing a quick, inexpensive and efficient remedy."]

The case of <u>Fontenot v. Wells Fargo Bank, N.A.</u>, 198 Cal.App.4th 256, 271-272 (2011) is further instructive on this point.  The court noted, "Plaintiff rests her argument on the documents in the public record, but assignments of debt, as opposed to assignments of the security interest incident to the debt, are commonly not recorded. The lender could readily have assigned the promissory note to HSBC in an unrecorded document that was not disclosed to plaintiff. [ ] To state a claim, plaintiff was required to allege not only that the purported MERS assignment was invalid, but also that HSBC did not receive an assignment of the debt in any other manner."

/ / /

Here, Plaintiff does not state that U.S. BANK, as Trustee did not receive an assignment of the debt.  Plaintiff only states that the assignment is invalid because MERS lacks standing to create the assignment.  This is insufficient to state a claim.

Additionally, Plaintiff cannot challenge the validity of the assignment or the substitution of trustee.  See, In re Mortg. Elec. Registration Sys. Litig., 2012 WL 932625 *3 (D.Ariz., 2012) (slip op.) ("Plaintiffs, as third-party borrowers, are uninvolved and unaffected by the alleged [defective] Assignments, and do not possess standing to assert a claim based on such.").[1] Furthermore, assignments are not necessary to conduct a foreclosure sale.  See Calvo v. HSBC Bank, 199 Cal.App.4th 118 (2011).

Plaintiff's allegations (Complaint ¶¶ 104-114) are conclusory in nature with no specific facts that relate to the Note and Deed of Trust relevant to this case.  More importantly, the Court has consistently rejected claim of this nature because Plaintiff lacks standing to challenge the validity of the assignment or other title documents.

Even if the Assignment was somehow void, Plaintiff still could not challenge Defendant's authority to initiate foreclosure or to make transfers and assignments.  Plaintiff would have to show that it is a beneficiary of the transaction between the parties of the assignment, which Plaintiff cannot establish.  More importantly, the validity of the assignment does not change Plaintiff's obligations to make her loan payments.  See Herrera v. Fed Mortg. Assn., 205 Cal.App.4th 1495-1507-1508 (2012).  For these reasons, Plaintiff's allegations concerning standing to foreclose lack merit.

**D. Plaintiff's Fourth Claim for Relief for Wrongful Foreclosure is Premature and Otherwise Lacks Merit.**

---

[1] A lack of standing by a borrower regarding assignments of loans is well established.  See, e.g., Bridge v. Aames Cap. Corp., 2010 WL 3834059 at * 3, 5 (N.D.Ohio Sept. 29, 2010) ("Courts have routinely found that a debtor may not challenge an assignment between an assignor and assignee….Given that Plaintiff was not a party to the assignment of the Mortgage between [assignor] and [assignee]…Plaintiff does not have standing to assert her claim."); Byczek v. Boelter Cos., Inc., 230 F.Supp.2d 843, 845 (N.D.Ill. 2002); Liu v. T & H Mack, Inc., 191 F.3d 790, 797 (7th Cir. 1999) (third party "lacks standing to challenge the validity of the assignment"); Logvinov v. Wells Fargo Bank, 2011 U.S. Dist. LEXIS 141988, *9 (N.D.Cal. Dec. 9, 2011); Livonia Prop. Holdings LLC, 717 F.Supp.2d at 735 ("Borrower disputes the validity of the assignment documents.  But, as a non-party to those documents, it lacks standing to attack them.").

Plaintiff here states a claim for wrongful foreclosure, which is similar in nature to the third claim for relief for lack of standing.  However, a Plaintiff cannot claim wrongful foreclosure where there has not been a foreclosure sale on the property.  See <u>Nissim v. Wells Fargo Bank, N.A.</u>, 2013 WL 1411505 *7 (N.D.Cal., 2013); <u>Pugh v. JPMorgan Chase Bank, N.A.</u>, 2013 WL 5739147 *3 (E.D.Cal., 2013) citing <u>Vega v. JPMorgan Chase, N.A.</u>, 654 F.Supp.2d 1104, 1113 (E.D.Cal., 2009).

In this case, the foreclosure sale has not yet occurred.  Therefore, Plaintiff's claim for relief is premature and should be dismissed.

Plaintiff also states a violation of <u>Civil Code</u> § 2923.5 and other violations within the non-judicial foreclosure statutes.  However,  Plaintiff does not state with specificity those facts regarding the alleged violations, but instead goes through a laundry list of statutes with no explanation concerning how or when the statute was violated.  This is insufficient.  Additionally, Plaintiff's claim for relief fails on behalf of OCWEN because it was not the loan servicer at the time the NOD was recorded.  As stated <u>supra</u>, Plaintiff's boilerplate language to tie OCWEN through a agency theory lacks merit.  Therefore, the claim additionally fails.

Plaintiff lastly states a violation through the recent California Homeowner Bill of Rights.  However, the NOD and Notice of Trustee's Sale were both recorded prior to the initiation of the statute.  Plaintiff fails to set forth any facts that Defendants violated the provisions after the effective date of the statute.  Moreover, the claims against the Defendants are lumped together, making the allegations against these Defendants unclear.  The claim for relief therefore fails.

**E. Plaintiff's Fifth Claim for Relief for Elder Abuse Lacks Merit for Lack of Specificity.**

Plaintiff claims violation of California Welfare and Institutions Code 15600, et seq., based on conduct that purportedly occurred while Plaintiff was seeking a loan modification.  See Complaint paragraph 135.  Financial Elder Abuse, which is alleged here occurs when: "a person or entity does any of the following: [¶] (1) Takes, secretes, appropriates, obtains, or retains real or personal property of an elder ... adult for a wrongful use or with intent to defraud, or both."

Here, Plaintiff alleges fraud during the loan modification process.  However, those facts are

not specifically alleged in the complaint, as required under Fraud in both California and <u>FRCP</u>
Rule 9.  See <u>Cavers v. GMAC Mortgage, LLC</u>, 2012 WL 2343202 *7 (C.D.Cal., 2012).  In fact,
the listed claims for relief fail on the basis of lack of standing, specificity as required or are
barred by the statute of limitations.  Therefore, Plaintiff's allegations lack merit.

**F.  Plaintiff's Sixth Claim for Relief for Violation of <u>Business & Professions Code</u> §**
**17200 Fails as it Lacks Specificity.**

The claim for violation of predatory lending and unfair competition fails when it is not
sufficiently plead against a corporate defendant.  <u>Business and Professions Code</u> § 17200 et seq.
prohibits unlawful, unfair or fraudulent business practices.  See <u>Cel-Tech Communications, Inc.</u>
<u>v. Los Angeles Cellular Tel. Co.</u>, 20 Cal.4th 163 (1999).  A practice is unlawful if it is forbidden
by law and <u>Khoury v. Maly's of California, Inc.</u>, 14 Cal.App.4th 612, 619 (1993).  A practice is
unfair if the court determines that the impact of the practice or act on its alleged victim
outweighs the reasons, justifications, and motives of the alleged wrongdoer.  <u>Pastoria v.</u>
<u>Nationwide Ins.</u>, 112 Cal.App.4th 1490 (2003).  A practice is fraudulent if the members of the
public are likely to be deceived by the practice.  <u>Blakemore v. Superior Court</u>, 129 Cal.App.4th
36, 48 (2005).

Plaintiff does not adequately set forth unfair, unlawful or fraudulent practices because
the cause of action lacks specificity.  <u>Spurlock v. Carrington Mortg. Services, Inc.</u>, 2010 WL
3069733 *6 (S.D.Cal., 2010); <u>Biggins v. Wells Fargo & Co.</u>, 266 F.R.D. 399 (N.D.Cal.,2009).
In addition, "[a] plaintiff must state with reasonable particularity the facts supporting the
statutory elements of the violation [under § 17200]."  (<u>Khoury v. Maly's of California, Inc.</u>, 14
Cal. App. 4th 612, 619 (1993).  <u>Bennett v. Suncloud</u> 56 Cal. App. 4th 91 (1997) [dismissing
unfair competition claim where not stated with specificity].)  The Supreme Court has held that
"practice" requires, at a minimum, ongoing conduct.  (<u>State of California Ex Rel. Van de Kamp</u>
<u>v. Texaco, Inc.</u>, 46 Cal.3d 1147, 1169-1170 (1988).)  Relief under section 17200 is unavailable
to remedy past misconduct.  (<u>Id</u>.)

Plaintiff, like in other causes of action, provide a laundry list of items that were purportedly
an unfair or deceptive business practice without any specific facts or allegations against either

Defendant.  Plaintiff tries to support the argument by citing violations of <u>Civil Code</u> § 2924 and <u>California Welfare and Institutions Code</u> § 15610.30(a).  However, those statutes have been challenged also for lack of specificity.  Therefore, the claim for relief for violation of <u>Business & Professions Code</u> § 17200 lacks merit.

Additionally, to the extent the claim for relief is premised on loan origination claims, those claims also lack merit as neither Defendant was a party to the loan origination process.  The claim therefore fails.

### G. Plaintiff's Seventh Claim for Relief for Intentional Infliction of Emotional Distress Fails for Lack of Extreme and Outrageous Conduct.

The elements of a cause of action for intentional infliction of emotional distress are: (1) defendant's outrageous conduct; (2) defendant's intention to cause, or reckless disregard of the probability of causing, emotional distress; (3) plaintiff's suffering severe or extreme emotional distress; and (4) an actual and proximate causal link between the tortious (outrageous) conduct and the emotional distress.  See, <u>Nally v. Grace Community Church of the Valley</u>, 47 Cal.3d 278, 300 (1988).  The modern rule is that there is liability for conduct *exceeding all bounds* usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress (see Prosser, Law of Torts, p. 56; <u>Hailey v. California Physicians' Service</u>, 158 Cal.App.4th 452, 473-474 (2007)).  The severe emotional distress must be stated with specificity.  See, <u>State Rubbish etc. Assn. v. Siliznoff</u>, 38 Cal.2d 330 (1952).

IIED requires a separate viable cause of action.  Plaintiffs' complaint seeks to void the foreclosure sale because of violation with <u>Civil Code</u> §§ 2932.5 and 2924, et seq.  Courts have held that a lawful foreclosure sale does not rise to the level of outrageousness to meet the elements of IIED.  See, <u>Mehta v. Wells Fargo Bank, N.A.</u>, 737 F.Supp.2d 1185, 1204 (S.D.Cal.,2010).

Plaintiff alleges IIED on the basis of the foreclosure sale.  However, as stated above, the foreclosure, without more, is insufficient to meet the standards for extreme and outrageous conduct.  Additionally, Plaintiff fails to state any facts against either Defendant that would give rise to an IIED claim.  The foreclosure process is an ordinary vehicle allowed by law when a

Plaintiff is behind on their payments. Plaintiff fails to allege any facts that the foreclosure is invalid, other than propositions that are contrary to established California law.

As to OCWEN specifically, the allegations involve the foreclosure prior to Defendants involvement with the loan. OCWEN was not involved in either the recording of the NOD or the Notice of Trustee's Sale. As stated above, Plaintiff's claims that OCWEN should be bound by an agency theory lack merit.

Furthermore, a claim for IIED can only be made where there is an independent claim for relief. As stated above, Plaintiff's claims fail either because it is barred by the statute of limitations, lack of standing or lack of specificity. This claim therefore also fails.

For these reasons, the seventh claim for relief for IIED lacks merit.

**H. Plaintiff's Eighth Claim for Relief for Declaratory Relief Fails as there is no Independent Claim for Relief.**

Declaratory relief is unavailable as a remedy under a complaint when there lacks a present controversy in a complaint. The fundamental basis of an action for declaratory relief is the existence of an actual, present controversy over a proper subject. Otay Land Co. v. Royal Indem. Co., 169 Cal.App.4th 556, 562 (2008). "[T]he court may refuse to entertain the action where the rights of the complaining party have crystallized into a cause of action for past wrongs, and the relationship between the parties has ceased to exist." Warren v. Kaiser Foundation Health Plan, Inc., 47 Cal.App.3d 678, 683 (1975). See also County of San Diego v. State, 164 Cal.App.4th 580, 607 (2008) (stating that declaratory relief operates prospectively to declare future rights, rather than to redress a past wrong).

Further, declaratory relief is not an independent claim, but a form of equitable relief. Batt v. City and County of San Francisco, 155 Cal.App.4th 65, 82 (2007). Thus, a dismissal of a claim for declaratory relief is proper where the claim is wholly derivative of other non-viable claims. Ball v. FleetBoston Financial Corp., 164 Cal.App.4th 794, 800 (2008).

Like the cause of action for IIED, declaratory relief is dependent on a viable separate claim for relief. Plaintiff does not have viable cause of action in the complaint for reasons set forth above. Plaintiff cannot state any facts that would support their allegations that they can

challenge the validity of the assignments entered into in this matter or other title documents as Plaintiff was not a party to the assignment or an intended beneficiary.  Even if Plaintiff was correct concerning the assignment, this fact does not change Plaintiff's obligations to make her payments, nor would it prevent Defendants from foreclosing on the Property because of the default.

To the extent Plaintiff claims MERS lacks the authority to create assignments or initiate foreclosure, case law is clear that MERS has that authority.  Additionally, the DOT itself gives MERS the power to make transfers and assignments and initiate foreclosure.  Plaintiff cites Vogan v. Wells Fargo Bank, N.A., 2011 WL 5826016 *7 (E.D.Cal. 2011) and Johnson v. HSBC Bank USA, N.A., 2012 WL 928433 *2 (S.D.Cal., 2012) for the proposition that because of certain improper procedures by Defendants, the true owner of the deed of trust is unclear and Plaintiff has been harmed as a result.  Complaint ¶ 67.  Although Plaintiff is not challenging the securitization of the loan, Plaintiff is challenging the validity of the assignment.  The cases Plaintiff cites in the Complaint are the minority view.  The majority of courts have held, including this Court, that Plaintiff cannot challenge the validity of the assignment where they are not a party to the assignment.  The claim therefore fails.

To the extent that Plaintiff alleges that OCWEN particularly lacks standing, those allegations also lack merit.  As a loan servicer for U.S. BANK, as Trustee, OCWEN as an agent or beneficiary of U.S. Bank, as Trustee would have the authority to conduct the foreclosure.  In this instance, OCWEN became the loan servicer after the Notice of Trustee's Sale was recorded and has not been a party to the foreclosure, which is still pending. Additionally, Civil Code § 2924(a)(1) does not require a holder or owner of the note to foreclose.  This is contrary to the allegations in Plaintiff's complaint where she alleges that being a holder or owner is required. Complaint ¶¶ 174-175.  Therefore, Plaintiff's claim lacks merit.

## I.   Plaintiff's Ninth Claim for Relief for Cancellation of Written Instrument(s) Fails.

As a preliminary matter, Plaintiffs' claim for relief here is invalid as it is a remedy and not an independent affirmative claim.  Nakash v. Superior Court, 196 Cal.App.3d 59, 70 (1987); citing to Civil Code § 1689; Crofoot Lumber v. Thompson,  163 Cal.App.2d 324, 329 (1958);

1   see also <u>Mendoza v. Countrywide Home Loans, Inc.</u>, 2009 WL 4706350 at * 7 (N.D. Cal.,

2   2009).   The claim for relief is really rescission claim.   <u>Moreno v. Citibank, N.A.</u>, 2010 WL

3   1038222 *4 (N.D.Cal., 2010).   A claim to set aside a Trustee's Sale falls under California <u>Civil</u>

4   <u>Code</u> § 3412.   Under the code section, the court can order the cancellation of an instrument

5   whenever it is void or voidable.   The courts have held that "[a]n agreement otherwise valid may

6   be set aside only for fraud, mistake, duress, or upon other grounds invalidating the free consent

7   of a contracting party".   <u>Rehbock v. Reservoir Hill Gasoline Co.</u>, 14 Cal.App.2d 233, 257

8   (1936).

9       Plaintiff here seeks to cancel the Deed of Trust, NOD, Substitution of Trustee and Notice of

10  Trustee's Sale.   Complaint paragraphs 137-192.   Plaintiff's allegations lack merit.   As far as the

11  Deed of Trust is concerned, these Defendants were not parties to the loan origination and

12  therefore cannot be liable for Plaintiff entering into the Deed of Trust.   OCWEN was not

13  involved in the execution and recording of the NOD, Substitution of Trustee or Notice of

14  Trustee's Sale.   Therefore, the cause of action against OCWEN fails on that basis.

15      Substantively, Plaintiff's provides specific factual allegations to support this claim for relief.

16  To the extent Plaintiff claims these documents should be set aside because the assignment is

17  void, those allegations lack merit as stated in the previous claims above.   For allegations based

18  on MERS' authority to make transfers and assignments, those allegations also lack merit

19  because the Deed of Trust and gives Plaintiff the power to foreclose and case law has

20  additionally held that MERS has the authority to make transfer and assignments as a beneficiary

21  to the Deed of Trust.   Therefore, Plaintiff's claims lack merit.

22  **J.   Plaintiff's Tenth Claim for Relief for Slander of Title Fails because of Privilege.**

23      In order to claim slander of title, Plaintiff must allege the following elements:    (1)

24  publication; (2) falsity; (3) absence of privilege and (4) pecuniary loss.   See <u>Schuck v. Federal</u>

25  <u>Nat. Mortg. Ass'n</u>, 2011 WL 2580552 *3 (E.D.Cal., 2011).   Courts have held that duties related

26  to a non-judicial foreclosure sale are privileged and not actionable.   See <u>Marty v. Wells Fargo</u>

27  <u>Bank, CIV S–10–555 GEB DAD</u>, 2011 WL 1103405 at *7 (2011) (citing <u>Civil Code</u> § 2924(d)).

28  Privileged publications include those made in any "official proceeding authorized by law".   <u>Civil</u>

Code § 47(b).  Slander of Title has a three year statute of limitations period.  See Code of Civil Procedure § 338(g).

Plaintiff's slander of title cause of action is based on the recording of the certain documents on title.  Although not specifically addressed in the claim for relief, Plaintiff alleges this claim against the Deed of Trust, NOD, Substitution of Trustee and Notice of Trustee's Sale.  Plaintiff cannot claim slander of title for the Deed of Trust where the Deed of Trust has been on title for almost ten years.  Slander of Title has a three year statute of limitations period.  As the Deed of Trust was recorded in 2005, Plaintiff's claim concerning the Deed of Trust is barred.  Code of Civil Procedure § 338(g).  Additionally, Defendants were not involved in the origination of the loan or the recording of the Deed of Trust.  Therefore, Plaintiff's claims concerning the Deed of Trust lack merit.

As far as the foreclosure documents on title, those publications are privileged.  Civil Code § 2924(d)(1).  The Notice of Default, Substitution of Trustee and Trustee's Deed Upon Sale is an "official proceeding authorized by law" according to Civil Code § 47(b).  Therefore, the recorded documents related to the foreclosure sale are privileged.  Additionally, Plaintiff has not stated any facts to support her contention that those documents disparage her title or pecuniary loss.  Plaintiff's allegations based on the validity of the assignments to the Deed of Trust also fail as a matter of law as established above.  Foreclosure was initiated because Plaintiff was in default of her loan.  Plaintiff does not state in her complaint that she was not in default of her loan.  Plaintiff merely states a technical basis for her contention that the foreclosure documents are improper and cannot go around Civil Code § 47(b).  This is insufficient to state a claim.  Therefore, Plaintiff's cause of action lacks merit.

**K.  Plaintiff's Eleventh Claim for Relief for Quiet Title Fails.**

Plaintiff fails to meet the required elements in order to have a viable claim under the Complaint for Quiet Title.  Code of Civil Procedure § 761.20 sets forth the required elements in order to allege a Quiet Title action:

(a) A description of the property that is the subject of the action.
(b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title.

(c) The adverse claims to the title of the plaintiff against which a determination is sought.  (See also <u>Rosenfeld v. JPMorgan Chase Bank, N.A.</u>, 732 F.Supp.2d 952, 974 (N.D.Cal., 2010)

Plaintiff alleges her loan is void because of wrongful conduct that occurred during the original loan transaction.  As stated <u>supra</u>, the loan origination claims are inapplicable against these Defendants.  Plaintiff also fails to state any facts to support the quiet title action because Defendant OCWEN does not have an adverse interest in the Property.  OCWEN as a loan servicer does not have an adverse interest in the Property.  See <u>Bunag v. Aegis Wholesale Corp.</u>, <u>No. C 09-00558</u>, 2009 WL 2245688, at *5 (N.D.Cal., 2009).

Additionally, Plaintiff claims quiet title based on Defendants placing Plaintiff in a position of default.  However, other than improper legal conclusions, Plaintiff does not allege how these Defendants caused her to go into default.  Again to the extent that Plaintiff's claim arises from the invalidity of documents on title, those allegations also lack merit.

A basic requirement of an action to quiet title is an allegation that plaintiffs "are the rightful owners of the property, i.e., that they have satisfied their obligations under the deed of trust." <u>Kelley v. Mortgage Elec. Registration Sys.</u>, 642 F.Supp.2d 1048, 1057 (N.D.Cal., 2009).  Thus, it is dispositive as to this claim that, under California law, a borrower may not assert "quiet title" against a mortgagee without first paying the outstanding debt on the property.  <u>Miller v. Provost</u>, 26 Cal.App.4th 1703, 1707, 33 Cal.Rptr.2d 288 (1994) ("a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee") (citation omitted); <u>Rivera v. BAC</u> <u>Home Loans Servicing, L.P.</u>, 2010 WL 2757041, at *8 (N.D. Cal., 2010).  Plaintiff claims that Tender is not required.  However, as the allegations supporting her claim lack merit, Plaintiff's claim for quiet title also lacks merit.  Plaintiff does state that the default was improper other than alleged technical deficiencies.  Therefore, Plaintiff should have to establish tender in order to state a claim.  As Plaintiff fails to state that at all times she performed her obligations under the Deed of Trust, Plaintiff is required to allege tender.

/ / /

/ / /

/ / /

1

## IV.   CONCLUSION

2       For the above stated reasons, Defendants U.S. BANK, as Trustee and OCWEN respectfully

3  request the court to grant the motion to dismiss without leave to amend.

4  Dated:  February 27, 2014                    HOUSER & ALLISON

5                                               A Professional Corporation

6

7                                               /s/ Denetta EJ Scott
                                                Eric Houser
8                                               Denetta EJ Scott
                                                Attorney for Defendants
9                                               U.S. BANK NATIONAL ASSOCIATION, AS
                                                TRUSTEE   FOR   RESIDENTIAL   ASSET
10                                              SECURITIES CORPORATION, HOME EQUITY
                                                MORTGAGE      ASSET-BACKED      PASS-
11                                              THROUGH   CERTIFICATES,   SERIES   2005-
                                                AHL3 and OCWEN LOAN SERVICING, LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

\\JRVLAW1\ProLaw Files\Document\67950.docx

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA                    )
                                       ) SS
COUNTY OF ORANGE                       )

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 9970 Research Drive, Irvine, CA 92618.

On February 27, 2014, I served the following document(s) described as follows:

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT**

On the following interested parties in this action:

Timothy L. McCandless
Law Offices of Timothy L. McCandless
820 Main Street, Suite 1
P.O. Box 149
Martinez, CA  94553
(925) 957-9797 (telephone)
(925) 957-9799 (facsimile)
*Attorneys for Plaintiff*

[X]      BY ELECTRONIC MAIL: I transmitted the document(s) listed above electronically either by e-mail or by electronic filing through the CM/ECF System to the e-mail addresses listed above.  I am readily familiar with Microsoft Outlook's e-mail system and the United States District Court's CM/ECF System, and the transmission was reported as complete without error.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on February 27, 2014 at Irvine, California.

 /s/ Jaclyn Martin
Jaclyn Martin

\\JRVLAW1\ProLaw Files\Document\67950.docx