UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUELO Z. ORDONO,<br><br>   Plaintiff,<br><br>  v.<br><br>US BANK NATIONAL ASSOCIATION, et al.,<br><br>   Defendants. | Case No. 14-cv-00774-JD<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 17 |

Plaintiff Consuelo Ordono initiated this action in California state court on January 23, 2014. Dkt. No. 1, Ex. A. She named as defendants US Bank National Association as Trustee for RASC 2005-AHL3 and Ocwen Loan Servicing, LLC.[1]  *Id*.  The complaint alleges eleven causes of action against these two defendants:  (1) Breach of Security Instrument; (2) Fraud in the Inducement; (3) Lack of Standing; (4) Violation of California Civil Codes § 2924 et seq.; (5) Elder Abuse; (6) Violation of Business and Professions Code § 17200 et seq.; (7) Intentional Infliction of Emotional Distress; (8) Declaratory Relief; (9) Cancellation of Instruments; (10) Slander of Title; and (11) Quiet Title.  *Id*.  The action relates to real property owned by plaintiff that is located in San Francisco, and plaintiff's "pending loss of her home through foreclosure initiated and advanced by Defendants."  *Id*. ¶¶ 16, 33.

Defendants removed the action to this Court on February 20, 2014, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. §§ 1441(b) and 1332. Dkt. No. 1 at 3.  On March 5, 2014, plaintiff moved for remand of the action to state court.  Dkt. No. 17.

---

[1] Defendants' Notice of Removal notes that plaintiff erroneously sued "US Bank National Association as Trustee for RASC 2005-AHL3," but the correct name for this defendant is "U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-AHL3."  Dkt. No. 1 at 1.

Plaintiff initially based her motion to remand on the argument that "this action lacks the requisite complete diversity of the parties." Dkt. No. 17 at 3. In her reply brief, however, she conceded the point, stating that she "will stipulate that there is complete diversity of citizenship between the parties." Dkt. No. 21 at 3 n.1. Plaintiff instead shifted her target, arguing in her reply brief that the action should be remanded because defendants had failed to prove that the $75,000 jurisdictional amount-in-controversy requirement has been met. *Id*. at 3-5.

While the Court ordinarily does not consider arguments raised for the first time in a reply brief, it also has an independent obligation to examine whether subject matter jurisdiction exists prior to considering this case on the merits. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). Pursuant to 28 U.S.C. § 1447(c), the Court "shall" remand a case if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Moreover, "the removal statute is strictly construed against removal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).

On the issue of the amount in controversy, defendants' removal notice asserts that "[p]laintiffs' [*sic*] prayer for relief seeks adjudication of rights in the Property - rescission of the loan of a property worth far more than $75,000.00." Dkt. No. 1 at 4. The removal notice further states that "[t]he deed of trust referenced is in the amount of $750,000.000" and "Plaintiff also seeks additional, unspecified amounts of special, general and punitive damages." *Id*. (citing deed of trust attached as Exhibit A to the Complaint).

Plaintiff argues that she "did not ask for a specific amount of damages in her complaint." Dkt. No. 21 at 3. That is true. And "[s]ince it was not facially evident from the complaint that more than $75,000 was in controversy," defendants "should have proven, by a preponderance of the evidence, that the amount in controversy met the jurisdictional threshold." *Valdez*, 372 F.3d at 1117 (internal quotation marks, brackets and citations omitted).

1 But defendants have pointed to plaintiff's prayer for relief. Dkt. No. 1 at 4. That prayer includes requests for an order "preventing Defendants . . . from causing the Property to be sold, assigned, transferred to a third-party, or taken by anyone or any entity" as well as a "judgment determining that Defendants' claims to Plaintiff's Property are without any right whatever and such Defendants have no right, title, estate, lien or interest whatever in the above-described Property or any part thereof." Dkt. No. 1-1 at 45.

This is sufficient. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)) (internal quotation marks omitted). *See also Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973). Defendants have shown that the value of the property here well exceeds $75,000. The complaint itself acknowledges that plaintiff obtained a $750,000 mortgage loan that was secured by the property. Dkt. No. 1-1 ¶ 35.

The Court concludes that jurisdiction is proper, and denies the motion to remand.

**IT IS SO ORDERED.**

Dated: July 15, 2014

_____
JAMES DONATO
United States District Judge