1

2

3

4  UNITED STATES DISTRICT COURT

5  NORTHERN DISTRICT OF CALIFORNIA

6

7  CONSUELO Z. ORDONO,                    Case No.  14-cv-00774-JD

      Plaintiff,                          **ORDER GRANTING MOTION TO
8                                         DISMISS**

9        v.                               Re: Dkt. No. 7

10  US BANK NATIONAL ASSOCIATION, et
   al.,
11       Defendants.

12          In this action, plaintiff Consuelo Ordono seeks to prevent the "pending loss of her home

13  through foreclosure initiated and advanced by Defendants."  Dkt. No. 1-1 ¶ 33.  The defendants

14  are US Bank National Association as Trustee for RASC 2005-AHL3 and Ocwen Loan Servicing,

15  LLC ("Ocwen").[1]  Ms. Ordono's complaint asserts that neither defendant "holds a perfected and

16  secured claim in the Property."  *Id*. ¶ 85.  Defendants have moved to dismiss the complaint for

17  failure to state a claim.  Dkt. No. 7.  The Court grants that motion with leave to amend.

18                                    **BACKGROUND**

19          In August 26, 2005, plaintiff obtained a $750,000 mortgage loan from Accredited Home

20  Lenders, Inc. ("AHL"), which has since filed for bankruptcy and is not a party to this action.  Dkt.

21  No. 1-1 ¶¶ 10, 35.  The loan was secured by a deed of trust against the real property that is the

22  subject of this action and is located in San Francisco, California.  *Id*., Ex. A.

23          The complaint's numerous and wide-ranging allegations about this mortgage loan and

24  what happened next can fairly be described as evidencing a "kitchen sink" approach, but at the

25  core of plaintiff's claims is the manner in which her mortgage loan subsequently changed hands.

26

27  [1] Defendants' Notice of Removal notes that plaintiff erroneously sued "US Bank National
   Association as Trustee for RASC 2005-AHL3," but the correct name for this defendant is "U.S.
28  Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity
   Mortgage Asset-Backed Pass-Through Certificates, Series 2005-AHL3."  Dkt. No. 1 at 1.

United States District Court
Northern District of California

Plaintiff claims that "AHL caused" an entity called Mortgage Electronic Registration Systems, Inc. ("MERS") to "go on title as the 'Nominee Beneficiary.'"  *Id*. ¶¶ 40-42.  The servicing rights for the loan were transferred to an entity called GMAC Mortgage, LLC ("GMAC"), which has also subsequently filed for bankruptcy.  *Id*. ¶¶ 48, 10.  On July 7, 2010, MERS is alleged to have assigned its beneficial interest in the deed of trust to "USBNA as Trustee for [an] unknown entity."  *Id*. ¶ 49 (emphasis omitted).  On June 8, 2012, the deed of trust is alleged to have been assigned for the second time, from "USBNA as Trustee for the entity yet to be determined" to "USBNA as Trustee for RASC 2005-AHL3."  *Id*. ¶ 53.  On July 2, 2012, Executive Trustee Services, LLC ("ETS"), a subsidiary of GMAC, was substituted as the trustee under the deed of trust.  *Id*. ¶¶ 55, 10.

In essence, what happened to plaintiff's mortgage loan is that it was securitized.  As plaintiff explains, "[s]ecuritization is the process whereby mortgage loans are turned into securities, or bonds, and sold to investors . . . ."  Dkt. No. 1-1 ¶ 76.  Plaintiff alleges that here, "the securitization of the Property's Note and DOT was done improperly," *id*., primarily because neither the Note nor DOT was assigned to the securitized trust at issue by the applicable closing date.  *Id*. ¶¶ 66-67.  Accordingly, plaintiff claims that "none of the parties or any of the Defendants in this case, holds a perfected and secured claim in the Property . . . ."  *Id*. ¶ 85.  *See also* Dkt. No. 19 at 2 ("Plaintiff is simply alleging that Defendants failed to assign the NOTE to the trust, in this instant case RASC 2005-AHL3, by the trust closing date, which is in this instant action November 18, 2005, and therefore there is no securitization and Defendants interest in the NOTE and Deed of Trust ('DOT') is a nullity.").

As for the foreclosure proceedings that have taken place to date, the complaint alleges that on July 11, 2012, ETS recorded a notice of default and election to sell under the deed of trust.  *Id*. ¶ 56.  On October 10, 2012, ETS further recorded a notice of trustee's sale.  *Id*. ¶ 58.  Although the sale was set to occur on November 6, 2012, plaintiff alleges that she filed for bankruptcy in order to postpone the sale.  *Id*. ¶ 59.  The property had not been listed for sale by the trustee as of the date the complaint was filed, *i.e.*, January 23, 2014.  *Id*.

United States District Court
Northern District of California

2

Plaintiff's verified state court complaint, which has been removed to this Court, alleges the following eleven causes of action against both defendants:  (1) Breach of Security Instrument; (2) Fraud in the Inducement; (3) Lack of Standing; (4) Violation of California Civil Codes § 2924 et seq.; (5) Elder Abuse; (6) Violation of Business and Professions Code § 17200 et seq.; (7) Intentional Infliction of Emotional Distress; (8) Declaratory Relief; (9) Cancellation of Instruments; (10) Slander of Title; and (11) Quiet Title.  *Id*. at 22-44.  Plaintiff seeks, among other things, an order "preventing Defendants . . . from causing the Property to be sold, assigned, transferred to a third-party, or taken by anyone or any entity" as well as a "judgment determining that Defendants' claims to Plaintiff's Property are without any right whatever and such Defendants have no right, title, estate, lien or interest whatever in the above-described Property or any part thereof."  *Id*. at 45.

The defendants' motion to dismiss that is currently before the Court seeks dismissal of all eleven causes of action.  Dkt. No. 7.

## GOVERNING STANDARD

Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff has failed to state a claim upon which relief may be granted.  Dkt. No. 7, Notice of Motion at 2.  Dismissal under that rule "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted).

To avoid dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly* at 556).  "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 677).

United States District Court
Northern District of California

1    If the Court dismisses a complaint, it "should grant leave to amend even if no request to

2    amend the pleading was made, unless it determines that the pleading could not possibly be cured

3    by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) (internal

4    quotation marks and citation omitted).

5                                        **DISCUSSION**

6    As an initial matter, it appears to this Court that all of plaintiff's causes of action are based

7    on her central claim that neither of the two defendants has any legal or valid ownership interest

8    relating to her mortgage loan.  This claim in turn is based on plaintiff's belief that her loan was

9    improperly securitized.  The complaint itself asserts that "Plaintiff is alleging in this complaint that

10   the securitization of the Property's Note and DOT was done improperly."  Dkt. No. 1-1 ¶ 76.

11   Plaintiff further explains in her opposition brief that she "is simply alleging that Defendants failed

12   to assign the NOTE to the trust, in this instant case RASC 2005-AHL3, by the trust closing date,

13   which is in this instant action November 18, 2005, and therefore there is no securitization and

14   Defendants interest in the NOTE and Deed of Trust ('DOT') is a nullity."  Dkt. No. 19 at 2.

15   But as plaintiff acknowledges, district courts in the Ninth Circuit have "come to different

16   conclusions when analyzing a Plaintiff's right to challenge the securitization process as Plaintiff

17   has here."  *Id*. at 11-12.  Plaintiff's opposition brief cites *Glaski v. Bank of America, N.A.*, 218 Cal.

18   App. 4th 1079 (2013) for the proposition that she should be permitted to "pursue questions

19   regarding the chain of ownership" of her deed of trust.  *Id*. at 2-3.  In *Glaski*, the plaintiff made an

20   argument identical to the one Ms. Ordono makes here, namely that there was a defect in the chain

21   of title under which the bank could claim to be the holder of plaintiff's deed of trust in that the

22   "transfer . . . occurred after the closing date of the trust."  218 Cal. App. 4th at 1095.  Stating that

23   "a question often arises about the borrower's standing to challenge the assignment of the loan

24   (note and deed of trust) -- an assignment to which the borrower is not a party," *id*. at 1094 (citing

25   cases), the *Glaski* court held that a borrower could bring such a challenge "if the defect asserted

26   would *void* the assignment," as opposed to making it merely voidable.  *Id*. (emphasis in original,

27   citation omitted).  The *Glaski* court went on to conclude that under New York law, which

28   governed the operation of the trust at issue in that case, New York Estates, Powers & Trusts Law

4

section 7-2.4 "provides a basis for concluding that the trustee's attempt to accept a loan after the closing date would be void as an act in contravention of the trust document." *Id.* at 1096. The *Glaski* court therefore permitted plaintiff to go forward with his wrongful foreclosure claim.

In doing so, the *Glaski* court noted that "some federal district courts sitting in California have rejected the post-closing date theory of invalidity on the grounds that the borrower does not have standing to challenge an assignment between two other parties." 218 Cal. App. 4th at 1098 (citing cases). In fact, this observation does not go far enough. "Every court in this district that has evaluated *Glaski* has found it is unpersuasive and not binding authority." *Zapata v. Wells Fargo Bank, N.A.*, No. C 13-04288 WHA, 2013 WL 6491377, at *2 (N.D. Cal. Dec. 10, 2013) (collecting cases); *see also Banares v. Wells Fargo Bank, N.A.*, No. C-13-4896 EMC, 2014 WL 985532, at *3-5 (N.D. Cal. Mar. 7, 2014) (disagreeing with *Glaski* court's interpretation of New York law, and agreeing with contrary conclusion that assignments that are challenged as having violated the "binding trust agreements" are "voidable under New York trust law, rather than void"). Courts in this district have instead found the majority rule stated in *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th (2013) to be the more persuasive: "[a]s an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [a plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions." *Zapata*, 2013 WL 6491377, at *2 (quoting *Jenkins*, 216 Cal. App. 4th at 515). In the absence of controlling authority from the Supreme Court or the Ninth Circuit, this Court agrees with the well-settled majority view and finds that plaintiff lacks standing to challenge whether the securitization or assignment of her loan was done improperly.

The Court also concludes that all of plaintiff's causes of action must be dismissed, because all eleven of plaintiff's causes of action appear to depend on plaintiff's attacks to the securitization process and the allegedly improper assignments of her note or deed of trust. By way of example, plaintiff's first cause of action for breach of security instrument alleges that defendants violated Section 22 of the deed of trust. Dkt. No. 1-1 ¶ 94. But as demonstrated by plaintiff's opposition brief, it appears that plaintiff is not alleging an actual breach of this section, which is entitled

"Acceleration; Remedies," but is instead taking issue with the fact that defendants accelerated pursuant to this section. *See* Dkt. No. 19 at 8 (defendants "breached the contract by accelerating the indebtedness and recording a Notice of Default."). The implied premise of this cause of action is that this acceleration was improper because defendants never had any right to accelerate pursuant to the deed of trust in the first place. Similarly, plaintiff's second cause of action for fraud in the inducement is premised on the allegation that "Defendants misrepresented that they are the 'holder and owner' of the Note and the beneficiary of the DOT," when they were not -- again, impliedly because of the alleged defects in the securitization and assignment process. Dkt. No. 1-1 ¶ 98; *see also id*. ("Defendants were attempting to collect on a debt to which they have no legal, equitable, or pecuniary interest in."). Plaintiff's third cause of action for lack of standing is more explicitly premised on her attack to the securitization process. *See id*. ¶ 105 (actual controversy has arisen because defendants "have failed to perfect any security interest in the Property"). So, too, is plaintiff's declaratory relief cause of action. *See id.* ¶¶ 167 (plaintiff "alleges that as a result of improper procedures the true owner of Plaintiff's mortgage is unclear"); 168 ("Plaintiffs Note and DOT were never properly transferred to the Trust").

The remaining causes of action are similarly premised on the allegedly invalid securitization of plaintiff's loan and/or the allegedly invalid assignment of plaintiff's note or deed of trust, and they are dismissed on that basis. *Cf. Dahnken*, 2013 WL 5979356, at *2 (dismissing all ten of plaintiff's causes of action, including wrongful foreclosure, quiet title, slander of title, fraud, cancellation of instruments, and violations of Cal. Civil Code § 2924.17 and Cal. Bus. & Prof. Code § 17200, because "all ten of plaintiff's asserted causes of action are based on the argument that his loan was improperly securitized, thus breaking the chain of title to his mortgage, and leaving defendants without standing to enforce his mortgage.").

That plaintiff's causes of action all fundamentally rely on her theories of improper securitization or assignment is further confirmed by her opposition brief. *See* Dkt. No. 19 at 3 ("An attempted assignment of the NOTE to the trust after this period is a prohibited transaction . . . . This transaction would be in contradiction to the PSA formed under New York Trust Laws and is void."); 4 ("Plaintiff does not dispute the right of the Defendants to securitize Plaintiff's

mortgage, but allege that as a result of improper procedures the true owner of Plaintiff's mortgage is unclear"); 11 ("the cause of action for lack of standing is proper because when and if the loan was sold to the RASC 2005-AHL3 the security went with it nullifying any further or subsequent actions in relation to the DOT"); 11 (arguing, in connection with her "wrongful foreclosure process, violation of Cal. Civ. Code § 2924 et. seq.; violation of Cal. Civ. Code § 2923.5; and elder abuse causes of action," that "[t]he threshold issue of whether Plaintiff can make any claim related to the loan's securitization affects the viability of the individual claim discussed").

Because the Court concludes that all of plaintiff's causes of action can be dismissed on this basis, it does not address the other potential bases for dismissal put forward by defendants' motion. The Court does, however, offer the following observations for guidance, especially because the Court finds that granting plaintiff leave to amend is appropriate at this stage of the case. First, it appears to the Court that defendants' statute of limitations arguments likely have merit. As defendants point out, the loan at issue was "created nine years ago," which exceeds the statute of limitations for at least some of plaintiff's claims. Dkt. No. 7 at 4, 11, 14. Although plaintiff argues in her opposition brief that the delayed discovery rule should be applied to toll the applicable statutes of limitations, Dkt. No. 19 at 7-8, defendants correctly note that the complaint fails to plead any of the facts required to support such an argument. Dkt. No. 22 at 2; *see generally* Dkt. No. 1-1. Any amended complaint will either need to plead the necessary facts under the delayed discovery rule -- such as facts showing "(a) [l]ack of knowledge[;] (b) [l]ack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date) [and] (c) [h]ow and when he did actually discover the fraud or mistake," *Keilholtz v. Lennox Hearth Products Inc.*, C 08-00836 CW, 2009 WL 2905960, at *4 (N.D. Cal. Sept. 8, 2009) (quoting *General Bedding Corp. v. Echevarria,* 947 F.2d 1395, 1397 (9th Cir.1991)) -- or else omit any claims that take issue with events outside of the applicable limitations period.

The Court is also concerned about claims that relate to events preceding the defendants' involvement with plaintiff's mortgage loan. Plaintiff will need to make clear how, if at all, those

United States District Court
Northern District of California

1  claims can be connected to the two defendants named in this case such that those defendants may

2  legally be held liable for the conduct alleged.  Claims that fail to do so will be dismissed.

3          On a final note, defendants have requested that the Court take judicial notice of ten

4  documents, all of which are public records.  Dkt. No. 8.  Because the Court does not find it

5  necessary to reference those documents for purposes of this order, the Court denies defendants'

6  request as moot.

7                                                    **CONCLUSION**

8          The Court grants defendants' motion to dismiss as to all eleven of plaintiff's causes of

9  action.  Given the early stage of this litigation, the Court grants plaintiff leave to file an amended

10 complaint within 14 days of the date of this order.  Any amended complaint, however, may not re-

11 allege claims that are based on challenges to the securitization process or any allegedly improper

12 assignment of plaintiff's note or deed of trust.  In addition, no new claims or parties may be added

13 without leave of court or agreement of the parties.  Plaintiff is further reminded of her duty to

14 present a "short and plain" statement of her claim for relief under Federal Rule of Civil Procedure

15 8(a).  The current complaint contains numerous extraneous allegations, for example, that

16 defendants engaged in a "fraudulent scheme[] for improper use of Plaintiff's identity," which is an

17 allegation that is neither repeated nor elaborated upon anywhere else in the complaint.  Dkt. No. 1-

18 1 ¶ 1.  Plaintiff is urged to present her claims as clearly and concisely as possible.

19         Defendants shall have 14 days from the date any amended complaint is filed to answer or

20 otherwise respond to the complaint.  The case management conference currently scheduled for

21 July 24, 2014 is hereby vacated pending further notice from the Court.

22         **IT IS SO ORDERED.**

23 Dated:  July 21, 2014

24                                        _____

25                                        JAMES DONATO
                                         United States District Judge

26

27

28